Filed 8/9/21  C.H. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| C.H., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF KERN COUNTY, <br><br> Respondent; <br><br> KERN COUNTY DEPARTMENT OF HUMAN SERVICES, <br><br> Real Party in Interest. | F082791 <br><br> (Super. Ct. No. JD141225-00) <br><br><br> **OPINION** |

-ooOoo-

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Susan M. Gill, Judge.

C.H., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]     Before Franson, Acting P.J., Smith, J. and Snauffer, J.

Petitioner C.H. (father)[1], seek an extraordinary writ after the juvenile court's order setting a Welfare and Institutions Code section 366.26[2] hearing as to his now one-year-old child, C.C.

We conclude the petition fails to comport with the procedural requirements of California Rules of Court, rule 8.452[3] regarding extraordinary writ petitions and dismiss the petition.

## PROCEDURAL AND FACTUAL SUMMARY[4]

C.C. was removed due to mother's combative and erratic behavior at the time of C.C.'s birth in March 2020. Mother had been displaying symptoms of auditory and visual hallucinations, as well as paranoia and aggressive behavior toward others since March of 2019. In one such episode, mother threatened to cut father's throat. C.C. and mother both tested positive for amphetamine at the time of C.C.'s birth. Mother used methamphetamine during the entire course of the pregnancy, and she had lost custody of C.C.'s three older siblings in 2019, due to her substance abuse.

At the detention hearing on July 29, 2020, C.C. was ordered detained, and mother was granted twice weekly supervised visits. C.C. was placed with a maternal aunt and uncle. At the jurisdiction/disposition hearing September 4, 2020, father was elevated to biological status and was also ordered twice weekly supervised visits. The petition was

---

[1]    A.C. (mother) and father both signed the writ in this case number, but mother's notice of intent was filed under case No. F082789. Her case was dismissed on June 16, 2021, for lack of filing writ petition. Then mother signed father's writ petition, which was filed June 18, 2021.

[2]    All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

[3]    All further rule references are to the California Rules of Court.

[4]    The procedural and factual summary are taken from the report prepared by the Kern County Department of Human Services (department) at the six-month review hearing held May 10, 2021.

found true, and the matter continued to comply with the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.).

At the continued dispositional hearing October 21, 2020, the juvenile court found the ICWA did not apply. Mother was ordered to complete counseling for parenting/neglect, substance abuse, and complete a mental health assessment and comply with recommendations. Father was ordered to complete counseling for parenting/neglect and substance abuse. Both mother and father were ordered to submit to random drug and alcohol testing.

The report prepared by the department for the six-month review hearing recommended that services be terminated for mother and father. Neither mother nor father had enrolled in their case plan components or followed through with drug testing, although both had been contacted by the department on numerous occasions. Neither mother nor father provided verification of enrollment in parenting and neglect classes. Both claimed to be enrolled in substance abuse counseling but did not provide verification. Mother self-reported that she had completed a mental health assessment but provided no verification. Both failed to appear for numerous drug/alcohol tests.

While both mother and father were ordered twice weekly visits with C.C., they missed visits on October 21, 2020, and November 4, 18, and 25, 2020. No visits were scheduled after November 25, 2020. When they did visit, mother and father reportedly often left the visits early.

At the contested six-month review hearing held May 10, 2021, the juvenile court found that neither mother nor father made acceptable efforts or availed themselves of services to facilitate a return of C.C. to their care and return of the child to their care would be detrimental. The juvenile court found that the department provided reasonable services and terminated services for both mother and father. A hearing pursuant to section 366.26 was set for September 7, 2021.

3.

**DISCUSSION**

On father's writ petition he has checked the box that states he is seeking extraordinary relief from the order "designating a specific placement after a placement order under Welfare and Institutions Code section 366.28." Section 366.28 requires the filing of a writ petition in order to appeal the decisions involving placement or removal orders following the termination of parental rights. However, no placement order under section 366.28 was made in this case, as mother and father's parental rights have not been terminated. We therefore treat this petition as an extraordinary writ from the orders and findings issued at the setting of the section 366.26 hearing.

The purpose of extraordinary writ proceedings is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's orders and findings issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).)

Rule 8.452, which sets forth the content requirements for an extraordinary writ petition, requires the petitioner to identify the error(s) he or she believes the juvenile court made and to support each alleged error with argument, citation to legal authority, and citation to the appellate record. (Rule 8.452(b).) In keeping with rule 8.452(a)(1), we will liberally construe a writ petition in favor of its adequacy where possible, recognizing that a parent representing him or herself is not trained in the law. Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and the reviewing court need not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

The petition requests an "immediate" hearing date, as mother has written on the petition, "We feel that children are unsafe" and father has written, "I … feel my kids are

4.

being brainwashed to forget me."[5] In support of this argument, attached to the petition are copies of various pages of what appear to be department reports, with written notes in the margins, questioning and highlighting certain findings. For instance, one department narrative describes placement of C.C. into protective custody after she tests positive for methamphetamine at birth and mother was combative with hospital staff. Notes added onto the narrative by father or mother state, "no toxicology report at the time of birth" and questions "who?" mother was combative with. Notes are written on 26 pages of various reports.

Most of what is highlighted appears to question jurisdiction and disposition of C.C. which, at the setting of the section 366.26, is no longer appealable. Jurisdictional findings and disposition orders may be reviewed by means of a petition for writ review only if the order setting the section 366.26 hearing is made contemporaneously with the jurisdiction and disposition orders, i.e., in a case where no reunification services are ordered for either parent. (*Maggie S. v. Superior Court* (2013) 220 Cal.App.4th 662, 671.) Such was not the case here. Moreover, we do not independently review the appellate record for possible errors. (*In re Sade C., supra*, 13 Cal.4th at p. 994.)

We will dismiss the petition as facially inadequate for appellate review.

## DISPOSITION

The petition for extraordinary writ is dismissed as inadequate under rule 8.452. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).

---

[5] While the current dependency involves only one child, C.C., it appears from the record that C.C. was placed with the same aunt and uncle who have legal guardianship of mother and father's other children.